# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JUSTIN DOLAN,

           Plaintiff,

v.

OFFICER CLAWSON, OFFICER MENG, and OFFICER DANIELS,

           Defendants.

Case No. 3:23-cv-00005-SLG

## SCREENING ORDER AND ORDER DIRECTING SERVICE

On January 12, 2023, Justin Dolan, a self-represented prisoner ("Plaintiff"), filed a Complaint for Violation of Civil Rights (Prisoner Complaint) and two Applications to Waive Prepayment of the Filing Fee.[1] Plaintiff alleges Correctional Officers Clawson, Meng, and Daniels ("Defendants") in their official capacities violated his civil rights on January 13, 2021, while he was incarcerated at the Anchorage Correctional Complex as a pretrial detainee.[2] Specifically, Plaintiff claims he was "brought to the ground, assaulted physically, and excessively [by all three Defendants], stripped completely bare naked" and during this, one of the guards made "unwanted sexual contact with [his genitals]" and "penetrated [his]

---

[1] Dockets 1, 4, 6.

[2] Docket 1 at 3-5, 7-20.

anal cavity with their fingers."[3]  Plaintiff claims he was then left naked in a holding cell for eight hours without a blanket or mattress.[4]  Further, he maintains he was subsequently been retaliated against for informing a shift supervisor and medical personnel about the incident.[5]  For relief, Plaintiff seeks "no less than $1.5 million in damages" and asks that Defendants be "held accountable and punished for their continuous misconduct, mistreatment, and violations of many other's rights and well-being."[6]

The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.  Liberally construed, the Complaint states plausible claims under the Fourth and Fourteenth Amendments against Defendants in their personal capacities for the alleged incident that occurred on January 13, 2021. To the extent Plaintiff sought to bring additional claims, such claims are DISMISSED for the reasons set forth below.  The Court has jurisdiction under 28 U.S.C. § 1343. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims. It is Plaintiff's burden to set forth the legal and factual basis for each claim.

---

[3] Docket 1 at 8.

[4] Docket 1 at 9.

[5] Docket 1 at 12.

[6] Docket 1 at 15.

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 2 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 2 of 18

## SCREENING STANDARD

Pursuant to the Prison Litigation Reform Act, a court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[7] During screening, a court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint" that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from defendants who are immune from relief.[8] A court must construe the complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.[9]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, a court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" [11]

---

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915A(b).

[9] *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000)

[10] See *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988)).

[11] See *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 3 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 3 of 18

## DISCUSSION

### I. REQUIREMENTS TO STATE A CLAIM

To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[12] While Rule 8 does not require detailed factual allegations; but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[13] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[14] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.[15]

A complaint seeking relief from a federal court must be clear. It must be legibly handwritten or typewritten and have margins of at least 1 inch around all text.[16] A complaint should set out each claim for relief separately and include specifics about each named defendant is involved.[17] There can be no liability under unless there is some affirmative link or connection between a defendant's

---

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[14] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *See* Alaska L. Civ. R. 7.5.

[17] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 4 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 4 of 18

actions and the claimed deprivation.[18] Vague and conclusory allegations of participation in civil rights violations are not sufficient. [19]

## II. CLAIMS ON BEHALF OF OTHER PRISONERS

While Plaintiff does not specifically name additional plaintiffs, his claims and requests for relief refer to alleged harm to other prisoners.[20] However, a self-represented litigant may represent only his own interests.[21] A non-attorney has "no authority to appear as an attorney for others than himself."[22] Plaintiff cannot bring claims on behalf of other individual prisoners and may not represent a class of prisoners in a class action. Plaintiff must focus solely on the actions of the correctional officers toward Plaintiff personally.

## III. REQUEST FOR CRIMINAL PROSECUTION

As part of the Judicial Branch of the government, the Court does not have the power to initiate a criminal prosecution or to issue an order for the arrest of an individual based on Plaintiff's request.[23] Criminal proceedings in federal court are

---

[18] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[19] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[20] *See, e.g.,* Docket 1 at 15 (requesting accountability and punishment for "violations of many other's rights and well-being").

[21] 28 U.S.C. § 1654.

[22] See *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[23] See *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining criminal allegations are not properly brought forth in a civil complaint); see also *Ellen v. Stamm,* 1991 WL 270788 (9th Cir. 1991) ("It is well established that private citizens can neither bring a direct criminal action

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 5 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 5 of 18

initiated by the Executive Branch of the government, usually through the United States Attorney's Office. Therefore, Plaintiff's request for criminal charges to be brought against Defendants is **DENIED.**

### IV. PRISON RAPE ELIMINATION ACT ("PREA")

Plaintiff cannot state a claim under the Prison Rape Elimination Act ("PREA"). PREA was enacted to study the problem of prison rape and to authorize the reporting of incidents of rape,[24] but it does not provide a private right of action that allows a prisoner to sue a correctional officer for an alleged violation of PREA.[25] Therefore, Plaintiff's claim for a violation of PREA is **DISMISSED with prejudice.**

### V. CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983 ("SECTION 1983")

To state a claim for relief under Section § 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[26] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[27] Section 1983 does not

---

against another person nor can they petition the federal courts to compel the criminal prosecution of another person.") (citing *Maine v. Taylor,* 477 U.S. 131, 137 (1986)).

[24] 42 U.S.C. § 15061; 34 U.S.C. § 30302(1) ("[The purpose of the Act is to] establish a zero-tolerance standard for the incidence of prison rape in prisons in the United States.").

[25] *See, e.g., Sharkey v. Nevada Dep't of Corr.,* 2021 WL 2270670, at *4 (D. Nev. June 3, 2021).

[26] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[27] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 6 of 18

confer federal constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[28] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[29]

### A. Defendants

Plaintiff names three correctional officers in their official capacities.[30] Plaintiff has adequately alleged that Defendants were acting under color of state law as employees of the Alaska Department of Corrections. However, the capacity in which the officers acted when engaging in the alleged unconstitutional conduct does not determine the capacity in which they may be sued.[31]

The Eleventh Amendment bars suits for money damages in federal court against state officials in their official capacities.[32] However, it does not bar suits for damages against state officials in their personal capacities.[33]

---

(1941)).

[28] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[29] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[30] The Court notes that although Plaintiff wrote "Department of Corrections" on the first page of the Complaint, he does not allege specific allegations against DOC or challenge any policy or custom. Further, state agencies are "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not "persons" under § 1983. *Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th Cir. 1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Therefore, the Court only considers Plaintiff's claims against the three individual defendants.

[31] See *Hafer v. Melo,* 502 U.S. 21, 26 (1991) (Official capacity "is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury.").

[32] *Aholelei v. Department of Public Safety,* 488 F.3d 1144, 1147 (9th Cir. 2007).

[33] *Hafer v. Melo,* 502 U.S. 21, 30 (1991); *Porter v. Jones,* 319 F.3d 483, 491 (9th Cir. 2003).

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 7 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 7 of 18

Based on Plaintiff's request for monetary damages, the Court construes Plaintiff's claims as claims against Defendants in their personal capacities.[34]

Individual capacity liability, also referred to as personal liability or personal capacity liability, may impose liability for monetary damages when a plaintiff proves that a "government-official defendant, through the official's own individual actions, has violated the Constitution."[35] Therefore, Plaintiff may only proceed against Defendants in their personal capacities.[36]

### B. Searches in Prison

Decisions regarding prison security are "peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."[37] "[P]risoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a

---

[34] *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (directing district courts to examine the nature of the proceedings to determine the capacity in which a defendant is sued); See also *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (Where the plaintiff is seeking damages against a state actor, a strong presumption is created in favor of a personal-capacity suit because an official-capacity suit for damages would be barred.).

[35] *Iqbal,* 556 U.S. at 676.

[36] *Hafer,* 502 U.S. at 25 ("Personal-capacity suits...seek to impose individual liability upon a government officer for actions taken under color of state law.").

[37] *Pell v. Procunier,* 417 U.S. 817, 827 (1974); see also *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington,* 566 U.S. 318, 326 (2012) ("The difficulties of operating a detention center must not be underestimated by the courts.").

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 8 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 8 of 18

reasonable manner."[38]  Deference to prison officials is unwarranted where search methods are unreasonable.[39]  Further, even searches of prisoners which begin as legitimate and acceptable can become a constitutional violation where the prison official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure."[40]

### 1. Eighth Amendment

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners."[41]  However, the protections of the Eighth Amendment are "reserved for 'those convicted of crimes.' "[42]  Plaintiff was not a convicted prisoner in the custody of the State at the time of the alleged violations, and as such, the Eighth Amendment does not apply.  Therefore, Plaintiff's claims under the Eighth Amendment are **DISMISSED with prejudice**. However, Plaintiff may proceed with claims under the Fourth and Fourteenth Amendments as explained below.

---

[38] *Hopkins,* 2011 U.S. Dist. LEXIS 37346, at *12 (citing *Bell,* 441 U.S. at 561).

[39] *Shorter v. Baca,* 895 F.3d 1176, 1189 (9th Cir. 2018).

[40] *Bearchild v. Cobban,* 947 F.3d 1130, 1145 (9th Cir. 2020).

[41] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

[42] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley v. Albers*, 475 U.S. 312, 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 9 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 9 of 18

### 2. Fourth Amendment

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures." "This right extends to incarcerated prisoners; however, the reasonableness of a particular search is determined by reference to the prison context."[43] The Supreme Court has held that strip searches of prisoners are constitutionally permissible so long as they are reasonable; but strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest," may be unconstitutional.[44] The Ninth Circuit has held that the Fourth Amendment provides protection against the use of excessive force to detainees in pre-arraignment custody.[45]

To analyze a claim alleging a violation under the Fourth Amendment, a court must first determine whether a particular invasion of bodily privacy was reasonably related to a legitimate penological interest.[46] A court should then apply the balancing test set forth in *Bell v. Wolfish* and consider: (1) the scope of the particular intrusion, (2) the manner in which it was conducted, (3) the justification

---

[43] *Michenfelder v. Sumner,* 860 F.2d 328, 332–33 (9th Cir. 1988).

[44] *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979); *Michenfelder,* 860 F.2d at 332.

[45] See *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996) (applying Fourth Amendment to assess constitutionality of duration, conditions, or legal justification for prolonged warrantless post-arrest pre-arraignment custody).

[46] *United States v. Fowlkes*, 804 F.3d 954, 961 (9th Cir. 2015) ("The LBPD's warrantless visual strip search of Fowlkes during the jail intake process was not unreasonable [because] [t]he government has a strong interest in preventing contraband *from entering its prisons and jails* ....").

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 10 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 10 of 18

for initiating it, and (4) the place in which it was conducted to determine whether the search is constitutionally permissible.[47] There is no doubt that "on occasion a security guard may conduct the search in an abusive fashion," and "[s]uch an abuse cannot be condoned."[48] However, "[t]he prisoner bears the burden of showing that prison officials intentionally used exaggerated or excessive means to enforce security in conducting a search."[49]

Construed liberally, Plaintiff has stated a viable cause of action under the Fourth Amendment against Defendants for the alleged incident on January 13, 2021.

### 3. Fourteenth Amendment

The Fourteenth Amendment applies to excessive force claims brought by pretrial detainees.[50] The Supreme Court has explained, "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to

---

[47] *Bell v. Wolfish,* 441 U.S. 520, 559 (1979).

[48] *Id.* at 560. *See also Michenfelder,* 860 F.2d at 332 (recognizing that strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may violate the Fourth Amendment); *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc) (holding jail's cross-gender strip search policy constitutionally unreasonable under the Fourth Amendment in the absence of an emergency).

[49] *Thompson v. Souza,* 111 F.3d 694, 700 (9th Cir.1997).

[50] It is unclear if Plaintiff is also alleging a violation of his right under the Fourteenth Amendment with respect to his conditions of confinement in the aftermath of the January 13, 2021 incident. For a listing of the elements of that claim, *see* Ninth Circuit Model Civil Jury Instructions, § 9.30 Particular Rights--Fourteenth Amendment—Pretrial Detainee's Claim re Conditions of Confinement/Medical Care.

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 11 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 11 of 18

punishment."[51] To prove an excessive force claim under the Fourteenth Amendment, a pretrial detainee must show that the officers' use of force was "objectively" unreasonable; the detainee is not required to show that the officers were "subjectively" aware that their use of force was unreasonable.[52] Construed liberally, Plaintiff has stated a viable cause of action against Defendants under the Fourteenth Amendment.

## C. Retaliation

A First Amendment claim for retaliation has five elements: (1) adverse action by a state actor against the inmate (2) because of (3) that prisoner's protected conduct, and the action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal.[53] To establish a retaliatory motive, an inmate "must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct."[54]

Plaintiff appears to suggest retaliatory conduct in 2022 when remanded to custody. However, he has not identified: (1) the specific harm that occurred to him, (2) when that harm occurred, (3) where that harm was caused, or (4) who he is

---

[51] *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).

[52] *Kingsley v. Hendrickson*, 576 U.S. 389 (holding excessive force claim by pretrial detainee must show only that force used was *objectively* unreasonable).

[53] *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021).

[54] *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quotations omitted) (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)).

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 12 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 12 of 18

alleging caused that specific harm to him. Therefore, Plaintiff has not stated a viable cause of action under the First Amendment.

## VI. Claims Based on Alleged Violations of DOC Policies & Procedures

A violation of a prison regulation does not, by itself, give rise to a federal constitutional claim cognizable under Section 1983.[55] Only if the events complained of rise to the level of a federal constitutional or statutory violation, independent of whether or not the events constitute a failure to adhere to a prison regulation, will they support a claim under Section 1983.[56] Plaintiff's allegations regarding violations of Alaska DOC policies, procedures, or regulations are not actionable and are therefore **DISMISSED.**

## CONCLUSION

Liberally construed, Plaintiff alleges facts sufficient to support claims for violations of his Fourth Amendment right to privacy and his Fourteenth Amendment right to be free from excessive force against Defendants in their individual capacities. Therefore, those claims may proceed. However, as discussed above, his remaining claims are DISMISSED. Further, because Plaintiff has been

---

[55] *See, e.g., Sandin v. Conner*, 515 U.S. 472, 482 (1995) (finding no constitutionally protected liberty interest in prison regulations even when the regulations are phrased in mandatory terms); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) (violations of prison rules or procedures alone do not state federal constitutional claims).

[56] *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 13 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 13 of 18

released from custody,[57] his Applications to Waive Prepayment of the Filing Fee are **DENIED as moot.**

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint has been screened according to 28 U.S.C. § 1915(e)(2)(B), and liberally construed, may state a claim for relief under federal law.

2. Plaintiff's claims under the Fourth and Fourteenth Amendments against Defendants in their individual capacities may proceed.

3. All other claims are DISMISSED.

4. Plaintiff's Prisoner Applications to Waive Prepayment of the Filing Fee at Dockets 4 and 6 are DENIED AS MOOT because he is no longer incarcerated. **Within 30 days of the date of this order**, Plaintiff must either (1) pay the entire unpaid balance of the filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee—which is being provided to Plaintiff with this order. Failure to comply may result in dismissal of this action without further notice to Plaintiff.[58]

---

[57] Docket 7 (Notice of Change of Address); *see also* VineLink, Alaska Offender Search, search "Justin Dolan", Custody Status: Supervised Custody, *available at* https://vinelink.vineapps.com/search/AK/Person (last accessed July 7, 2022).

[58] See *Flores v. Cal. Corr. Women's Facility*, Case No. 1:19-cv-1509-NONE-JLT (PC), 2020 WL 8821643 at *2 (E.D. Cal. June 24, 2020) (released prisoner plaintiff must notify the Court of intent to pay filing fee or file a non-prisoner application to proceed *in forma pauperis*); *Adler v. Gonzalez*, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) (applying *McGann* and *DeBlasio* to require released prisoner plaintiff to submit a new *in forma pauperis* application to continue to proceed *in forma pauperis*).

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 14 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 14 of 18

5. Plaintiff shall proceed with the steps outlined in this order to ensure that service of process on each of the defendants is completed no later than **ninety (90) days from the date of this order**.[59]

6. The Clerk of Court shall provide **three summonses** to Plaintiff.

7. To complete each summons form properly, Plaintiff must include all of the following on the form:

    a. At the top each form, above "SUMMONS IN A CIVIL ACTION," enter the information as found on the first page of this order:

        i. the name of the Court (at the very top middle of the page, after "United States District Court for the District of Alaska"); and

        ii. the parties' complete full names (above Plaintiff(s) v. Defendant(s), respectively); and

        iii. the case number, after "Civil Action No."

    b. As to who the summons is "To," Plaintiff should complete one summons for each Defendant. Plaintiff should write the full name and mailing address for each defendant.

    c. After the paragraph ending, "The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are" on the summons form, enter the name and the address of the

---

[59] *See* Fed. R. Civ. P. 4(m).

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 15 of 18

address at which any answer or motion should be served on Plaintiff. If Plaintiff retains an attorney, that attorney's name and address information should be entered here. If Plaintiff continues to be self-represented, then his mailing address should be entered.

8. After Plaintiff completes the required summons forms, he should mail them to:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

If the summonses have been properly completed, they will then be issued by the Clerk of Court and returned to Plaintiff.

9. Once Plaintiff has received the summonses issued by the Clerk of Court, he should make a copy of the summonses for his records. He must then serve the issued summons, a copy of his Complaint, and a copy of this order on each Defendant, using a method of service authorized by Rule 4, Federal Rules of Civil Procedure.[60]

10. The requirements of service are not completed until the proof of service has been filed with the Court. Service must be completed **within ninety (90) days of this Order.**

---

[60] Fed. R. Civ. P. Rule 4(e)(1) allows service to be done by "following state law for serving a summons" in a state court proceeding. The state court procedure is set out at Rule 4, Alaska Rules of Civil Procedure. For additional information, *see* Alaska Court System forms CIV-106 (How to Serve a Summons in a Civil Lawsuit) and CIV-135 (Civil Rule 4(f) Affidavit). These forms are available on the Alaska Court System's website at https://courts.alaska.gov/forms/index.htm,

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 16 of 18
       Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 16 of 18

11. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[61] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

12. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[62] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

13. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court.

---

[61] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Alaska District Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[62] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 17 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 17 of 18

If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

14. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. There is no charge for viewing case information or documents at courthouse public access terminals. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

15. The Clerk of Court is directed to send the following to Plaintiff: (1) a copy of this order, (2) three AO 440 summons forms, (3) motion form PS12, and (4) a copy of the Court's pro se handbook, "Representing Yourself in Alaska's Federal Court."

DATED this 13th day of July, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Screening Order and Order Directing Service
Page 18 of 18
Case 3:23-cv-00005-SLG   Document 8   Filed 07/13/23   Page 18 of 18