# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JUSTIN DOLAN,

        Plaintiff,

v.

OFFICER CLAWSON, OFFICER MENG, and OFFICER DANIELS,

        Defendants.

Case No. 3:23-cv-00005-SLG

## ORDER OF DISMISSAL

On July 13, 2023, after reviewing[1] the Complaint filed by self-represented litigant, Justin Dolan, the Court ordered Plaintiff to (1) either (a) pay the entire unpaid balance of the filing fee or (b) file a Non-Prisoner Application to Waive the Filing Fee within 30 days, and (2) to complete service within 90 days of the date of the order.[2] The order informed Plaintiff that if he failed to comply with the order, it "may result in dismissal of this action without further notice to Plaintiff."[3] To date, Plaintiff has not filed anything further in this case and no mail sent to his most recent address on file with the Court has been returned.

---

[1] The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

[2] Docket 8.

[3] Docket 8 at 14.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[4]

Here, the first two factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. Plaintiff's failure to file an Amended Complaint or Notice of Voluntary Dismissal within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[5] Further, a presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action.[6] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[7]

---

[4] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[5] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward... disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

[6] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *See, e.g., Hernandez v. City of El Monte,* 138 F.3d 393, 401 (9th Cir.1998) (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[8] However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction,"[9] which is the case here. Thus, although this factor typically weighs against dismissal, it does not overcome Plaintiff's failure to comply with the Court's order.

The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[10] The Court's Order at Docket 8 cautioned Plaintiff of the potential dismissal of this action in the event of noncompliance.

Based on the foregoing, this case must be dismissed. Dismissal without prejudice "minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief."[11] The Court finds no other lesser sanction to be satisfactory or

---

[8] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

[9] *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[10] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

[11] *Alli v. City and County of San Francisco*, 2022 WL 3099222 (N.D. Cal. 2022) (internal citations omitted).

effective in this case.[12] Therefore, this case is dismissed without prejudice for failure to prosecute this action.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE**.

2. All pending motions are **DENIED AS MOOT.**

3. The Clerk of Court shall issue a final judgment.

DATED this 19th day of October, 2023 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[12] *See, e.g., Henderson, 779 F.2d at 1424* (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

Case No. 3:23-cv-0005-SLG, *Dolan v. Clawson, et al.*
Order of Dismissal
Page 4 of 4
Case 3:23-cv-00005-SLG   Document 9   Filed 10/19/23   Page 4 of 4